BROOK et al. v. KALFON.

(Supreme Court, Appellate Term. March 5, 1908.)

INFANTS—PROOF OF INFANCY.

Evidence in support of the defense of infancy at the time of entering
into the contract sued on considered, and *held*, that the weight was not
necessarily in favor of the defense.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by John B. Brook and another against Rose R. Kalfon, doing business as Randall's Painless Dentistry. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Foster & Cunningham, for appellant.

Samuel Fine, for respondent.

BISCHOFF, J. There was no question as to the fact of the sale and delivery of the goods to the defendant, and a recovery was resisted solely upon the affirmative defense of infancy. To support this defense a witness was called, who testified that he was an uncle of the defendant, that at the time of her birth he was living in the house where she was born, and that the date of her birth was March 8, 1890. The goods in suit were supplied at the order of the defendant's husband, and were delivered at her place of business, of which her husband had been placed in apparent charge. Called as a witness, the defendant stated that she had filed a certificate that she was doing business under the name of Randall's Painless Dentistry, and that she was married on December 6, 1906, before an alderman of this city.

Upon the proof before the justice we find no reason for disturbing this judgment for the plaintiffs, since the weight of evidence was not necessarily in favor of the defense of infancy. The testimony of the single witness, Levy, called to establish the defendant's nonage, was not conclusive, and could be opposed by the inferences which the justice might draw from the appearance of the defendant, as well as from the fact of her marriage at a time when, if Levy's testimony were correct, she was far from the age of legal consent. On cross-examination, she testified that at the time of her marriage she knew her true age and stated it to the alderman; and it is but a fair inference that her true age, when so stated to the alderman, must have been considerably greater than that testified to by Levy, if the official was content to perform the ceremony. In this view, Levy's testimony—the only evidence of infancy—was so far infirmed as to render it of no particular weight upon the question of the actual date of the defendant's birth.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). The birth of the defendant having been testified to by her uncle as occurring within his own knowledge on March 8, 1890, at No. 376 Grand street, where he then was living with his sister, and he not having been shown to be in any wise interested in the outcome of the cause, and his testimony having been neither contradicted nor rendered improbable by other evidence, the fact of her infancy, pleaded in bar, is to be taken as a legally established fact (Lomer v. Meeker, 25 N. Y. 363; Kavanagh v. Wilson, 70 N. Y. 179), not nullified by any presumption legitimately presumable from her statements that she knew her age (without mentioning it) and that (without telling what she said) she stated her age to the alderman who married her; non constat with her parents standing by and consenting, or in his credence of a misleading statement.

Were it material, it might be presumed that the alderman did his duty. To presume the defendant's age from his act would base a presumption upon a presumption, which may not be by court or jury. The presumption that public officers have done their duty is undoubtedly a legal presumption; but it does not supply proof of a substantial fact. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. U. S. v. Ross, 92 U. S. 281, 23 L. Ed. 707. "The only presumptions of fact which the law recognizes are immediate inferences from facts proved." Manning v. Insurance Co., 100 U. S. 693, 25 L. Ed. 761.

Whether the defendant as she appeared in court impressed the experienced justice as a young girl or a woman grown is not returned in the record. His indignation at somebody or something does transpire from an ebullition that he would have an indictment drawn. But that offending, too, is intangible. Upon the case before this court the judgment should have been for the defendant.

The judgment appealed from should be reversed.